**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JACK C. SWENSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 11 C 4295** |
| | ) | |
| **v.** | ) | |
| | ) | |
| | ) | |
| **SALIENT MANAGEMENT CO.,** | ) | **Judge Ronald A. Guzmán** |
| **GUY AMISANO SR., WILLIAM** | ) | |
| **CARPENTER, AND CHRISTINE** | ) | |
| **CAVANAUGH,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jack C. Swenson sued his former employer, Salient Management Co., and its

current and former employees Guy Amisano Sr., William Carpenter and Christine Cavanaugh

for age discrimination and wrongful dismissal under the Age Discrimination in Employment Act

of 1967 ("ADEA") and breach of contract.    Defendants have moved to dismiss the complaint

for improper venue under Federal Rule of Civil Procedure ("Rule") 12(b)(3) or, in the

alternative, to transfer venue to the Western District of New York under 28 U.S.C. § 1404(a).

(Defs.' Mot. Dismiss 1.)  For the reasons set forth below, this Court denies defendants' motion.

**Facts**

Swenson is a resident of the state of Illinois.  (Compl. at 1.)[1]  Defendant Salient

Management Company ("Salient") is incorporated under the laws of the State of New York, and

---

[1] Citations to the Complaint are made to pages of the Complaint, because paragraph numbering restarted
with each section presented.

Guy Amisano, William Carpenter and Christine Cavanaugh are also residents of the State of New York. (*Id.* at 1-2.) Swenson asserts both federal question and diversity jurisdiction. (*Id.* at 1-2.)

On June 28, 2010, Swenson started working for Salient. (*Id.* at 3.) At that time, he traveled to New York for orientation and training at Salient's headquarters and continued to attend meetings in New York at the corporate office through June 30, 2010. (*Id.* at 5-6.) On July 22, 2010, Swenson attended another meeting in New York. (Pl.'s Resp. ¶ 3; Defs.' Mot. Dismiss ¶¶ 8-9.) During Swenson's time in New York, he alleges defendants Carpenter and Amisano repeatedly questioned him about his age and demanded that he reveal it. (Compl. at 5-6.)

Swenson was employed by Salient to "form a new business division" and his first duty was to "develop a business operating plan for the new business" within the first sixty days of his employment. (*Id.* at 7.) On August 16, 2010, Swenson was terminated via telephone by defendant Carpenter and informed it was "due to taking an unauthorized leave of absence." (*Id.* at 5.) At the time of the call, Swenson was located in Illinois and defendant Carpenter was located in New York. (Defs.' Mem. Supp. Mot. Dismiss at 3.)

## Discussion

If an action is not based solely on diversity, venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(1), (2). When a defendant challenges venue under Rule 12(b)(3),

2

the plaintiff bears the burden of proving that venue is proper. *First Fin. Leasing Corp. v. Hartge*, 671 F. Supp. 538, 542 (N.D. Ill. 1987). None of the defendants reside in this district, and therefore the parties dispute only whether a substantial part of the events took place in this district. (Pl.'s Resp. Mot. Dismiss ¶¶ 1-8; Defs.' Mot. Dismiss ¶¶ 5-20.)

With regard to the claim of breach of contract, whether a substantial part of the events or omissions giving rise to the plaintiff's claim took place in a particular district depends on where the contract was negotiated or executed, the contract was to be performed, and the alleged breach occurred. *MB Fin. Bank, N.A. v. Walker*, 741 F. Supp. 2d 912, 917 (N.D. Ill. 2010). Further, venue may be appropriate where there is communication to or from the district in which the cause of action was filed, when there is a sufficient relationship between the communication and the cause of action. *Master Tech Prods., Inc. v. Smith*, 181 F. Supp. 2d 910, 913 (N.D. Ill. 2002). A court may also consider where meetings took place in order to consummate a contractual relationship. *Vandeveld v. Christoph*, 877 F. Supp. 1160, 1166 (N.D. Ill. 1995). Swenson traveled to New York to sign an employment and non-compete agreement with the defendants, he was trained for his position in New York, he continued to attend meetings in New York, and ultimately defendants' decision to terminate him occurred in New York. (*See* Pl.'s Resp. Mot. Dismiss ¶¶ 3-8; Defs.' Mot. Dismiss ¶¶ 6-12.) However, it is clear that defendants knew that Swenson would not perform his duties in New York, as he did not have an office in New York, and defendants had offered to relocate him at some point to New York. (Compl. at 4.) Although the employment contract was executed in New York and purportedly breached by defendants in New York, Swenson has established that his performance under the contract occurred in this district and that defendants communicated to him in this district regarding his performance. Swenson has established that venue is proper in the Northern District of Illinois.

3

Even if venue were improper as to the contract claim, it would still be appropriate for this Court to preside over all of plaintiff's claims because venue is proper as to the ADEA claim and under the doctrine of pendent venue, venue may be proper with respect to an improperly venued claim if the claim is joined to a properly venued claim, and the claims arise out of a common nucleus of operative fact. *Woodrum/Ambulatory Sys. Dev., LLC v. Lakeshore Surgical, LLC*, 08 C 1721, 2009 WL 256286, at *5 (N.D. Ill. Jan. 28, 2009). As for Swenson's age discrimination/wrongful termination claim, the analysis as to where a substantial part of the events took place focuses on where the plaintiff was employed. *See Cox v. Nat'l Football League*, No. 97 C 3741, 1997 WL 619839, at *3 (N.D. Ill. Sept. 29, 1997) (finding to hold otherwise would condone employers "decisions to terminate and discipline in far away offices in order to protect themselves from litigation"). The fact that decisions regarding a plaintiff's employment were made elsewhere does not necessitate the conclusion that no alleged act of discrimination occurred in the district where the plaintiff resided and worked. *Litton v. Avomex Inc.*, No. 08-CV-1340, 2010 WL 160121, at *10 (N.D.N.Y. Jan. 14, 2010). Thus, the district in which a plaintiff is employed at the time he is discharged is a proper venue under § 1391(b)(2).

In *Litton*, the court found venue was proper when the record established that the plaintiff resided in the given district, worked in that district and was present there when he received communication advising him that he was terminated. *Id.* at *11.

Similarly here, Swenson lived in Illinois, worked out of his home in Illinois and was present in Illinois when he received notification of his termination for reasons related to his job performance in Illinois. (Defs.' Mem. Supp. Mot. Dismiss at 3; Compl. at 5.) Therefore, venue is proper in the Northern District of Illinois as to Swenson's age discrimination/wrongful termination claim.

4

In the alternative, defendants move to transfer the action to the Western District of New York pursuant to 28 U.S.C. § 1404(a). A § 1404(a) transfer is appropriate only where: (1) venue was proper in the transferor district; (2) venue and jurisdiction would be proper in the transferee district; and (3) the transfer will serve the convenience of the parties and the witnesses as well as the interests of justice. *United Air Lines, Inc. v. Mesa Airlines, Inc.*, 8 F. Supp. 2d 796, 798 (N.D. Ill. 1998). The party seeking transfer must establish that the transferee forum is clearly more convenient. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220 (7th Cir. 1986). In making a transfer determination, a court must consider both the private interest of the parties and the public interests of the Court. *Medi USA v. Jobst Inst., Inc.*, 791 F. Supp. 208, 210 (N.D. Ill. 1992). Factors for a court to consider in assessing private interests include: (1) plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease and access to sources of proof; (4) the convenience of the parties; and (5) the convenience of the witnesses. *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 959 (N.D. Ill. 2000). Public interest factors or interests of justice relate to "the court's familiarity with the applicable law, the speed at which the case will proceed to trial, and the desirability of resolving controversies in their locale." *Federated Dep't Stores, Inc. v. U.S. Bank Nat'l Ass'n*, No. 00 C 6169, 2001 WL 503039, at *1 (N.D. Ill. May 11, 2001).

**Plaintiff's Choice of Forum and Site of Material Events**

Plaintiff's choice of forum carries substantial weight, particularly where, as here, it is plaintiff's home forum. *Kamel v. Hill-Rom Co., Inc.*, 108 F.3d 799, 803 (7th Cir. 1997). Such deference should rarely be disturbed, "unless the balance is strongly in favor of the defendant." *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 663-64 (7th Cir. 2003). Furthermore, the situs of

material events often includes the location of performance or non-performance under the contract. *Hinc v. Lime-O-Sol Co.*, 231 F. Supp. 2d 795, 796 (N.D. Ill. 2002). This factor weighs in favor of the Northern District of Illinois because it is Swenson's choice of forum and also where the purported non-performance under his employment agreement with defendants took place.


## Relative Ease of Access to Evidence and Convenience to the Parties

Swenson is located in Illinois and the defendants are located in New York. Defendants argue that this factor weighs in their favor because Salient maintains its records in New York. An assertion that most of the documentary evidence exists in one location, in and of itself, is insufficient to tip the balance in favor of transfer to that location. *Cont'l Cas. Co. v. Staffing Concepts, Inc.*, No. 06 C 5473, 2009 WL 3055374, at *5 (N.D. Ill. Sept. 18, 2009). Moreover, documentary evidence is readily transferable and transporting it generally does not pose a high burden upon either party. *Schwarz v. Nat'l Van Lines, Inc.*, 317 F. Supp. 2d 829, 836 (N.D. Ill. 2004). The parties' respective residences and their ability to bear the expenses of litigation in a particular forum are relevant inquiries. *Brandon Apparel Group, Inc. v. Quitman Mfg. Co.*, 42 F. Supp. 2d 821, 834 (N.D. Ill. 1999). However, a case should not be transferred if it "merely transforms an inconvenience for one party into an inconvenience for the other party." *Id.* (quotation omitted). This factor weighs neither for nor against transfer to the Western District of New York because documents are readily transferrable and litigating in another district is equally inconvenient for both parties.


## Convenience of the Witnesses

The convenience of non-party witnesses is "substantially more important than the convenience of party witnesses because the latter are within the party's control." *First Horizon Pharm. Corp. v. Breckenridge Pharm., Inc.*, No. 04 C 2728, 2004 WL 1921059, at *4 (N.D. Ill. July 21, 2004). Hence, non-party witnesses are more crucial to the analysis because they are not assumed to appear in court voluntarily. *Hyatt Corp. v. Personal Comm'ns Indus. Ass'n*, No. 04 C 4656, 2004 WL 2931288, at *3 (N.D. Ill. Dec. 15, 2004); *Spherion Corp. v. Cincinnati Fin. Corp.*, 183 F. Supp. 2d 1052, 1059 (N.D. Ill. 2002). "In assessing this factor, the number of witnesses located in each forum and the importance of each witness' testimony must be considered." *First Nat'l Bank*, 447 F. Supp. 2d at 913; *see Hinc*, 231 F. Supp. 2d at 796 ("It is preferable to hold a trial in the forum that will necessitate less travel for witnesses.").

Neither party has provided details regarding non-party witnesses. Defendants state that "[a]ny non-party witness is likely to reside in New York," yet they provide no affidavit or details regarding the non-party witnesses or their testimony. (Defs.' Mem. Supp. Mot. Dismiss at 7.) Therefore, defendants have failed to meet their burden of establishing that non-party witnesses presenting important testimony will be inconvenienced by litigating in the Northern District of Illinois. Thus, this favor weighs against transfer.

**Interests of Justice**

Defendants argue that the interests of justice weigh in favor of transfer because the Western District of New York resolves cases faster than this district and the Western District of New York would be more familiar with New York's anti-discrimination laws.

First, it is not clear at this stage in the litigation whether plaintiff is seeking to invoke New York State anti-discrimination law.[2]  Plaintiff also brings a breach of contract claim.  As a general rule it is advantageous to have claims heard by federal judges who are familiar with the applicable state law.  *Coffey*, 796 F.2d at 221.  However, where the law in question is neither complex nor unsettled, the interests of justice remain neutral between competing courts.  *Stanley v. Marion*, No. 04 C 514, 2004 WL 1611074, at *4 (N.D. Ill. July 16, 2004) (citing contract law as an example of non-complex law).  Even if plaintiff invoked New York anti-discrimination law and even if New York law governed the contract claim, both of which are yet to be established, New York anti-discrimination and contract laws are not so complex or unsettled that the interests of justice warrant transfer.  Second, as to the speed at which the case will proceed to trial, defendants assert that the Western District of New York is resolving cases faster than the Northern District of Illinois because the Western District of New York's overall docket has been reduced.  (Defs.' Mem. Supp. Mot. Dismiss at 7-8.)  However, the difference in caseload is marginal at best.  (*Id.*)  Third, because plaintiff worked in Illinois and was terminated while working in Illinois, the public has an interest in resolving the controversy in this locale.  *See Sins v. Chi. S. Shore*, No. 91 C 675, 1991 WL 152521, at *2 (N.D. Ill. July 30, 1991).  Overall, the interests of justice do not weigh in favor of transfer.

In sum, the Court denies defendants' motion to dismiss for improper venue pursuant to Rule 12(b)(3) and denies the motion to transfer the action to the Western District of New York pursuant to 28 U.S.C. § 1404(a).  The case shall proceed here.

---

[2]Of course, plaintiff's ADEA cause of action is a federal claim, and this Court would be just as familiar with the ADEA as the courts in the Western District of New York.

8

<u>**Conclusion**</u>

For the reasons set forth above, the Court denies defendants' motion to dismiss for improper venue pursuant to Rule 12(b)(3) and motion to transfer venue pursuant to 28 U.S.C. § 1404(a).

**SO ORDERED.**                                    **ENTERED:**


**May 18, 2012**

_____

**RONALD A. GUZMAN**
**United States District Judge**