# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4295 | **DATE** | 10/19/2012 |
| **CASE TITLE** | *Swenson v. Salient Mngt. Co., et al.* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the defendants' motion to dismiss [54-1] is granted in part and denied in part.

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

After the Court gave *pro se* plaintiff Jack Swenson leave to amend his complaint following a motion to dismiss by the defendants, he filed a first amended complaint ("FAC") alleging claims under Title VII and the Age Discrimination in Employment Act ("ADEA") (Count I), and for wrongful dismissal under the terms and conditions of his employment (Count II), deprivation of due process (Count III), and breach of an employment contract (Count IV). The defendants move to dismiss under Federal Rules of Civil Procedure 8 and 10 based on the plaintiff's failure to set forth short and plain statements in numbered paragraphs in his FAC. They also move under Rule 12(b)(6) to dismiss Counts II, III, and IV. For the reasons stated below, the motion to dismiss under Rules 8 and 10 is denied on the ground that the FAC, while not a model of clarity and brevity, is sufficiently intelligible to pass muster. Moreover, as discussed below, the Rule 12(b)(6) motion is granted in part and denied in part.

Count III–Due Process

*Employee Manual/Grievance and Arbitration Procedure*. The defendants' motion to dismiss Count III under Rule 12(b)(6) is granted in part. To the extent that the plaintiff realleges that he was denied due process based on the denial of a grievance or arbitration procedure, the Court already dismissed the due process claim based on those allegations. (7/23/12 Order, Dkt. # 49.) The Court's review of the FAC does not indicate any reason that the plaintiff should be permitted to reallege a due process claim based on those allegations. Thus, any due process claim based on purported denial of a grievance or arbitration procedure is dismissed. The same is true with respect to the allegations of an alleged property right provided by the employee manual and a deprivation of due process based on statements in the employee manual, and any due process claim based on the employee manual is dismissed.

*Personnel File*. In the FAC, the plaintiff also alleges that he was denied due process when he was not provided a copy of his personnel file, which the defendants move to dismiss under Rule 12(b)(6). Paragraphs 66 to 69 of the FAC allege that the plaintiff was denied due process under "Title 29 Part 1601 Procedural

| STATEMENT |
|---|

Regulations §§ 1601.5-1601.17," the Illinois Personnel Record Review Act ("IPRRA"), 820 Ill. Comp. Stat. 40/1, *et seq*., and New York Labor Law S3730 § 211-b.

With respect to the plaintiff's citation to certain Federal Regulations, these give the EEOC the ability to subpoena records and compel testimony and do not provide a basis for the plaintiff's due process claim with respect to his personnel records. The IPPRA generally provides a right, with certain parameters, for employees to review their personnel documents. 820 Ill. Comp. Stat. 40/2. The IPPRA states that the Illinois Director of Labor shall enforce the provisions of the Act, *id*. 40/12(a), and if "an employee alleges that he or she has been denied his or her rights under the Act, he or she may file a complaint with the Department of Labor" which shall investigate and attempt to resolve the complaint by conference or conciliation. *Id*. 40/2(b). In the event that such efforts fail, the Department of Labor or the employee may file suit in the "circuit court for the county in which the complainant resides." *Id*.

However, the plaintiff has not indicated that he has exhausted his administrative remedies by filing a complaint with the Illinois Department of Labor, and in any event, because state law provides an avenue for relief, the plaintiff has no due process claim regarding the defendants' purported failure to provide him with a copy of his personnel file. *Williams v. Withoft*, No. 12–cv–989–MJR, 2012 WL 4757864, at *4 (S.D. Ill. Oct. 5, 2012) ("To state a claim under the due process clause of the Fourteenth Amendment, Plaintiff must establish a deprivation of liberty or property *without due process of law*; if the state provides an adequate remedy, Plaintiff has no civil rights claim.") (emphasis in original). Accordingly, the motion to dismiss Count III is granted.

Counts II and IV–Wrongful Dismissal and Breach of Employment Contract

The defendants move to dismiss Counts II and IV on the ground that the plaintiff has failed to allege any facts establishing that his employment was other than at-will or that he had a valid employment contract. The plaintiff alleges that he entered into an employment contract with defendant Guy Amisano, Sr., Chief Executive Officer for Salient Management Company, as documented in a June 17, 2010 letter and other written and oral communications. (FAC, Dkt. #50, at ¶¶ 70-72). At this stage of the litigation, before discovery has occurred, the Court is unwilling to dismiss these claims. The motion to dismiss Counts II and IV is denied.

Individual Defendants

The defendants also move to dismiss the individual defendants from all counts. Any ADEA or Title VII claim against the individual defendants is dismissed. *Smith v. Bray*, 681 F.3d 888, 896 n.2 (7th Cir. 2012) ("Title VII . . . authorizes suit only against the employer as an entity rather than against individual people who are agents of the employer."); *Anderson v. Ctrs. for New Horizons, Inc*., --- F. Supp. 2d ----, 2012 WL 2396359, at *2 (N.D. Ill. Jun. 25, 2012) (no individual liability under the ADEA exists). Thus, Count I is dismissed as to the individual defendants. However, the motion to dismiss the individual defendants from the breach of contract and wrongful dismissal counts is denied. The plaintiff alleges that he entered into an employment contract with Amisano and that the details were "defined" in communications with the other two defendants, William Carpenter and Christine Cavanaugh. (FAC, Dkt. # 50, at 71). The Court declines to dismiss the individual defendants from Counts II and IV until the details regarding the existence and terms of any purported contract are revealed in discovery.