1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JACK C. SWENSON, Plaintiff,

v.

SALIENT CORPORATION, d/b/a SALIENT MANAGEMENT COMPANY, GUY AMISANO, SR., WILLIAM CARPENTER, CHRISTINE CAVANAUGH, UNKNOWN DEFENDANTS, ET AL., Defendants.

No. 11 C 4295

Chicago, Illinois
January 10, 2013
9:30 a.m.

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE RONALD A. GUZMAN

APPEARANCES:

For the Plaintiff: MR. JACK C. SWENSON
Pro Se
140 Weatherstone Road
Barrington, Illinois 60010
(224) 238-0045

For the Defendants: BRYCE DOWNEY & LENKOV, LLC
BY: MR. NOAH AARON FRANK
200 North LaSalle Street
Suite 2700
Chicago, Illinois 60601
(312) 377-1501

Nancy C. LaBella, CSR, RMR, CRR
Official Court Reporter
219 South Dearborn Street, Room 1222
Chicago, Illinois 60604
(312) 435-6890
Nancy_LaBella@ilnd.uscourts.gov

(Proceedings heard in open court:)

THE CLERK: 11 C 4295, Swenson v. Salient Management Company.

MR. FRANK: Good morning, your Honor. Noah Frank on behalf of the defendants.

MR. SWENSON: Good morning, your Honor. Jack Swenson, plaintiff.

MR. FRANK: We're here on our motion to compel discovery. It's the production of the laptop computer for expert discovery and investigation, Judge.

MR. SWENSON: That motion was filed after fact discovery closed also on the 28th of December.

MR. FRANK: We agree. It was filed after fact discovery is closed. We need the laptop computer for physical inspection by our computer expert. It was when our expert was evaluating the defendant Salient Corporation's Internet servers to test for certain allegations, namely, that Mr. Swenson had created a business plan and uploaded said plan to the servers, he discovered there's absolutely no evidence of it on the defendant's computers. He needs the physical laptop itself to test for the assertions that the business plan ever existed on that laptop.

MR. SWENSON: Your Honor, I've filed a motion in response. Have you had a chance to review that, sir?

THE COURT: No. Tell me. What's your response?

MR. SWENSON: Well, the response is quite involved. Primarily the certification, Rule 37 certification, that Mr. Frank has filed is obfuscated with a number of untruths and facts that aren't -- that don't support this particular motion.

The laptop that was provided to me was provided to me at no expense, no charge and in perpetuity as a condition of my pre-employment. That was understood between the parties. At no time has the parties ever requested that laptop back in any motion filed before the Court.

Also, the order on November 7th from Judge -- Judge Brown also handled a different motion to compel that included electronic documents that were provided by me to defendants on the 5th of November. That included all electronic documents and over 300 megabytes of data off that -- that computer of mine. That computer is personal, and it holds work product that is privileged and also pertains to this particular case. All my motions, all of my discovery, everything that relates to this trial is on that computer.

And it's just amazing that I have to go through this in order to go ahead and respond to a frivolous motion such as this. At all times I've cooperated with defendants for discovery. On October 30th we had a fact discovery conference --

THE COURT: Well, let's not go into the whole history

of this case. What I need to know about is this computer. Does this computer contain evidence of your client's claims --

MR. SWENSON: No, it does not.

THE COURT: -- or your claims?

MR. SWENSON: It does not.

MR. FRANK: He's pro se. He doesn't have a client, Judge.

THE COURT: I understand. Go ahead.

MR. SWENSON: It does not.

THE COURT: So there's no evidence in there that you prepared this plan?

MR. SWENSON: No. And I would be happy to turn anything over that --

THE COURT: Do you want to stipulate to the fact that there's no evidence in that computer that you prepared such a plan?

MR. SWENSON: That's correct. It was --

THE COURT: Do you need the computer then?

MR. SWENSON: -- created -- it was --

THE COURT: Wait. Wait.

MR. SWENSON: Sorry.

THE COURT: Do you need the computer then?

MR. FRANK: Judge, if it's stipulated that there is absolutely no evidence that the plan was ever created on the laptop, then that's all that our expert could determine, that

would be fine.

THE COURT: The stipulation is that there is no evidence to be found in the laptop --

MR. SWENSON: Correct.

THE COURT: -- that any such plan was ever created.

MR. SWENSON: Your Honor, also --

THE COURT: No, no, no. Let me finish.

MR. SWENSON: Yes, sir.

THE COURT: Go ahead, counsel.

MR. FRANK: Judge, the -- we're looking for the absence of information. The testimony is that the lap- -- that the plan was created --

MR. SWENSON: That's --

MR. FRANK: The testimony is that the plan was created, uploaded to the servers and deleted from the laptop.

MR. SWENSON: That is incorrect. I testified at my deposition --

THE COURT: No. You can't interrupt him. You can't.

Go ahead.

MR. FRANK: So from creation on an outside computer to upload, we've determined through our expert that it was never uploaded or received on the company's computers.

The physical inspection of the laptop will be to determine whether or not -- not whether the plan currently exists, but whether during a very limited amount of time --

the 45 days during Mr. Swenson's employment and perhaps the ten days after he was terminated when he said that the plan was complete -- if it ever had existed on that laptop. We're looking for any evidence --

THE COURT: I don't know why you're making this so complicated.

MR. FRANK: Because it goes to the --

THE COURT: Look, you get the computer, you look at it and you're looking for evidence that this plan was created on that computer --

MR. FRANK: Correct, Judge.

THE COURT: -- is that right?

MR. FRANK: And --

THE COURT: And the stipulation is that if you were to look at the computer, there would be no evidence in that computer that the plan was ever created on that computer.

MR. FRANK: Well, part of --

MR. SWENSON: May I speak, your Honor?

MR. FRANK: -- it goes --

MR. SWENSON: It will help clarify matters.

THE COURT: No, you can't.

MR. FRANK: The heart of the claim is that Mr. Swenson was terminated --

THE COURT: I don't care about the heart of the claim. What I care about is what you're trying to find from

the computer.

MR. FRANK: Well, Judge, so that would go to the heart of our defense, which is the reason why Mr. Swenson was terminated was failure to work on this business plan and provide any evidence during his employment --

MR. SWENSON: That's amazing.

MR. FRANK: -- that he had done any work. We have evidence through our expert that there is no proof on the company's. This would be the evidence on the physical laptop that there was -- that further supports his termination.

THE COURT: Why are you explaining all this to me? If your expert looks at the laptop --

MR. FRANK: Yes, Judge.

THE COURT: -- what do you expect the expert to be able to say after he looks at it?

MR. FRANK: I expect he'll be able to look for trace -- my expectation is that there's -- is that the plan was never created and that that would be his ultimate finding, is that there was no plan ever created on the laptop; there's no evidence it ever existed.

THE COURT: Well --

MR. FRANK: As opposed to --

THE COURT: -- the only thing he can say is that, in looking at the laptop, he saw no evidence that any plan was ever created on that laptop. Is that right? That's all he

can say, right?

MR. FRANK: That's -- that is what we would be --

THE COURT: Okay.

MR. FRANK: That's our hope as to what -- you know, I mean --

THE COURT: That's all he can say, right? That's the best he can do for you; is that right?

MR. FRANK: Correct, Judge.

THE COURT: Okay. Good.

Now, are you willing to stipulate to that or not?

MR. SWENSON: Well, I would like to add something first, your Honor.

THE COURT: Are you willing to stipulate to that or not, sir?

MR. SWENSON: No, I would not.

THE COURT: Okay. Turn over the computer.

MR. SWENSON: May I just ask a question, sir?

THE COURT: No.

Next, defendants' motion to extend expert discovery by 45 days.

MR. FRANK: We are -- well, that has to do, again, with this laptop, Judge. Expert disclosures were due on January 7th. We timely served our disclosure. We timely served the report with the caveat that we --

THE COURT: Well, if you needed this for your expert

disclosures, why didn't you ask for it sooner?

MR. FRANK: We actually filed our motion on December 28th and would have come in --

THE COURT: Why didn't you file a motion three months ago? Why now?

MR. FRANK: It has to do with the testimony that was elicited during depositions, expert discovery.

THE COURT: Wait, wait. What testimony was elicited through what depositions when that first led you to know that you needed this computer?

MR. FRANK: Well, it was through Mr. Swenson's testimony, Judge, that -- sorry; I'm looking for some of the pages in the transcript -- simply that he had a flood in his basement and some information was destroyed, which also goes to our subpoenas issue. And, additionally, that he's got documents that are stored electronically on some other media. And also that -- and also his testimony that the plan was uploaded to Salient servers and deleted from his computer because of the strict policies that the company had regarding retention of --

THE COURT: And when did you first find that out?

MR. FRANK: That would have been at his -- I believe at his deposition on November 20th, Judge.

MR. SWENSON: That --

THE COURT: And did you ask for the computer then?

MR. FRANK: We had actually served upon him an additional -- in fact discovery -- production request for electronic -- for electronic information and also for production of the physical laptop. Mr. Swenson's point is --

THE COURT: When did you do that?

MR. FRANK: Judge, I have it in my bag. If you want, I can find it.

THE COURT: Sure. Look in your bag. That's why we're here.

MR. SWENSON: May I say something, your Honor?

THE COURT: Not yet.

(Brief pause.)

MR. FRANK: I think it may have been in his response filed last --

THE COURT: Let's do this: We'll pass this case and call it at the end of the call.

Call the next case.

MR. FRANK: Thank you, Judge.

(Whereupon, the Court gave its attention to other matters, after which the following further proceedings were had:)

THE CLERK: Recall, 11 C 4295, Swenson v. Salient Management Company.

MR. SWENSON: Good morning, your Honor.

I think I have a solution.

THE COURT: I'm not sure I know what the problem is

yet; but if you have a solution, go ahead.

MR. SWENSON: Perhaps I can articulate. First off, I'd like to stipulate that the business plan that defendant is seeking is not on my laptop. I just want to make sure I understood what you were saying and to reiterate that.

THE COURT: Well, that's not quite what I was saying. The stipulation that counsel wants -- and I think he's entitled to --

MR. SWENSON: And --

THE COURT: -- if you want to avoid discovery of the laptop -- is that if his expert were to look at the laptop, there would be no evidence that the business plan was ever in the laptop.

MR. SWENSON: That -- that is correct. And I'd like to further reference you to my reply response. I would like to have you review that in detail because it includes all the facts and information and exhibits in support of what I'm claiming.

But what I would like to do is recommend to the Court that you review that and rule by mail as soon as you've had a chance to do that. If you so believe then that -- after reviewing that motion and all of the evidence -- that I need to turn over the laptop, I will do so, if that is agreeable to you, sir.

THE COURT: No, it's not.

So the question is: Are you prepared to stipulate that there is no evidence in your computer that any discovery plan ever existed in it?

MR. SWENSON: Yes.

THE COURT: Or that any business plan ever existed in it? Will you stipulate to that?

MR. SWENSON: Yes.

THE COURT: Very well. That's the stipulation. It's on the record. You no longer need the laptop.

MR. FRANK: That's correct, Judge. That --

THE COURT: What else?

MR. FRANK: -- satisfies what our expert would have looked for.

Not motioned -- not noticed up before the Court, Judge, but filed is plaintiff's motion to quash our subpoenas. We're prepared to discuss that if the Court is ready, otherwise -- and that prevents us from having to come back another day to hear that.

MR. SWENSON: Your Honor, I'm not prepared to discuss that today. And I would like to have you motion that up for your next convenient time on your calendar, sir.

MR. FRANK: The only thing -- the only thing about setting it for another date, Judge -- if your Honor is ready to hear it, we would prefer to go forward. The motion --

THE COURT: I've not seen it, so I'm not --

MR. FRANK: Okay.

THE COURT: -- ready to hear it.

Okay. Thank you.

MR. FRANK: Judge, how would you like us to resolve the fact that his motion has not been noticed up?

MR. SWENSON: I'll go upstairs and take care of that, sir.

THE COURT: That's between him and his motion and between he and you and whatever you wish to do.

MR. FRANK: Well, the reason -- the one reason why it remains a pending issue, Judge, is that we are continuing to receive responses to our subpoenas. And there is, to date, one entity who has -- who has not -- who has advised us that, due to the pending motion to quash, they're abstaining from responding. That's the only reason why it matters at this moment, is just there's one more entity that has to go to the testimony elicited by --

THE COURT: But I don't have any of that before me. I don't know what the subpoenas are or what they say. I don't know who they have been issued to. I don't know what his motion is. I don't know what anyone has said to you. There's nothing pending before me.

MR. FRANK: Okay.

THE COURT: And I'm not here to hold a discovery conference for you folks. You have to do that on your own.

MR. SWENSON: Yes, sir.

MR. FRANK: I understand that, Judge.

THE COURT: If you have a motion you wish to file, if you want the Court to do something, file a motion and we'll consider it.

MR. SWENSON: I'll take care of it, sir.

MR. FRANK: Thank you, Judge.

MR. SWENSON: Thank you.

THE COURT: You're welcome.

* * * * *

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

*/s/ Nancy C. LaBella* — *January 16, 2013*

Official Court Reporter