**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| JACK C. SWENSON, | ) | |
| | ) | Honorable Judge Ronald A. Guzman |
| Plaintiff, | ) | |
| | ) | Magistrate Judge Geraldine Soat |
| vs. | ) | Brown |
| | ) | |
| SALIENT MANAGEMENT COMPANY | ) | Case No. 11-cv-4295 |
| GUY AMISANO SR. | ) | |
| WILLIAM CARPENTER | ) | |
| CHRIS CAVANAUGH | ) | **JURY DEMAND** |
| ET AL. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' SUMMARY JUDGMENT REPLY & CROSS-RESPONSE**

Defendants, SALIENT CORPORATION D/B/A SALIENT MANAGEMENT COMPANY ("Salient"), GUY AMISANO, SR. ("Amisano"), WILLIAM CARPENTER ("Carpenter"), and CHRISTINE CAVANAUGH improperly sued as "CHRIS CAVANAUGH" ("Cavanaugh," and collectively, "Defendants"), by their attorneys BRYCE DOWNEY & LENKOV LLC, reply and respond to Plaintiff Jack Swenson ("Plaintiff")'s *Plaintiff's Response to Defendants' Summary Judgment and Plaintiff's Cross Motion for Summary Judgment* (Doc. 155) (*hereinafter*, "PSJM") and Plaintiff's *Memorandum of Law In Support of Plaintiff's Summary Judgment* (Doc. 155-3) (*hereinafter*, "Plf. Mem. Law") as follows:

**SUMMARY JUDGMENT STANDARD**

Other than the summary judgment standard on which the Parties agree[1], Plaintiff failed to cite any law in support of his cross motion for summary judgment. Plaintiff does not address any

[1] Indeed, Plaintiff copied Defendants' standard wholesale (Compare: Doc 153-1 with Doc 155). In passing, plaintiff argues that Illinois may not be the proper forum (PSJM p. 1 ¶ 2), but does not address this issue in his memorandum of law. However, as this Court noted in denying Defendants' motion to

of the cases cited in Defendants' Memorandum of Law (Doc. 153-1, *hereinafter*, "Defs' Mem. of Law"), and therefore must concede that a party opposing summary judgment must show through competent evidence of a type admissible at trial that there is a genuine issue of material fact, and that merely asserting irrelevant and insufficient information will not create an inference of material fact. *See*, Defs.' Mem, of Law, p. 2.

**THERE WAS NO EMPLOYMENT CONTRACT TO BREACH (COUNT IV)**

Following negotiations on "terms and conditions," on June 17, 2010, Salient Corporation offered to Plaintiff a position of employment with Salient via a letter (*see*, Doc. 126-14). This letter (a) is silent as to duration of employment, and indeed, contains a disclaimer that employment is at-will, (b) does not reference any other documents on its face, (c) states that it supersedes any prior or subsequent oral representations, and (d) states it is not a contract for employment. While Plaintiff wishes that the letter is an employment contract, there is no genuine issue of material fact that this letter constitutes a job offer letter only (*See*, Defendants' Reply to Plaintiff's Response to Defendants' Statement of Material Facts (*hereinafter, "*DSMF Reply"*)* ¶¶ 15, 18, 20).

It is undisputed that Plaintiff was never offered employment at Salient Corporation for any fixed duration by this June 17, 2010 letter, or by Amisano or any company representative on his behalf (DSMF Reply ¶ 21).

While Plaintiff contends that the June 17, 2010 letter was a clear and unambiguous "employment contract" (PSJM p. 1 ¶ 3), he now concedes that he does not understand the

---

transfer venue (Doc. 21), Plaintiff's selection of Illinois as the forum for his claim carried substantial weight with making Illinois the forum for his claims. *See*, Order 5/8/2012 (Doc. 32 pp. 5-6).

significant legal difference between an employment contract or an employment agreement[2]. By failing to address any of the legal arguments in Defendants' Memorandum of Law (Doc. 153-1), Plaintiff concedes that mutual assent of the parties is not alone sufficient to create an employment contract[3]. *Wharton v. Comcast Corp.*, --- F. Supp. 2d ---, 2012 WL 6055594, at * 3 (N.D. Ill. Dec. 6, 2012) ("*Wharton*") (mutual assent of the parties forms an employment *agreement*, and does not constitute an employment *contract* itself nor contain the formalities and accompanying legal protections of an employment contract (quotations omitted, emphasis added)).

Employment, even where compensation is stated to be on a monthly or annual salary, is presumed to be at-will and terminable by either party where no duration of employment is specified. *Shelton v. Ernst & Young, LLP*, 143 F. Supp. 982, 991 (N.D. Ill. 2001) ("*Shelton*") (employment presumed to be at will unless agreement specifies duration of employment); *Jago v. Miller Fluid Power Corp.*, 245 Ill. App. 3d. 876, 878 (2d Dist 1993) ("*Jago*") (citation omitted) (same); *Duldulao v. St. Mary of Nazareth Hosp. Center*, 115 Ill. 2d 482 (1987) ("*Duldulao*") (same). Further, even where an employer expects that an employee will contribute to the company's growth, such a statement is merely one of expectation, and not a guarantee of

[2] Plaintiff further speculates that other individual similar to him only enter in to employment contracts and not employment-at-will arrangements. Indeed, this is irrelevant and insufficient to create a reasonable inference of a dispute of material fact. *Teruggi v. CIT Group/Capital Fin. Inc.*, 709 F.3d 654 (7th Cir. 2013) (*affirming* Guzman, J.). Indeed, many executive and professional employees, including attorneys and accountants, enter into at-will employment arrangements.

[3] Plaintiff's failure to understand the difference is apparent throughout his briefs, and is further demonstrated by his assertion:

> "Perhaps were[sic] splitting hairs here – whether to call it an employment contract or employment agreement"

*See*, *Plaintiff's Response to Defendants' Summary Judgment and Plaintiff's Cross Motion for Summary Judgment* at p. 3 (Doc. 155).

employment for any specific term. *Jago,* 245 Ill. App. 3d. at 880 (citation omitted)[4]. Therefore, Plaintiff's unsupported assertion that his employment was to be "permanent, [on a] long-term basis and in perpetuity –and not for casual at-will employment" (Plf. Mem. Law at 2) further demonstrates that his employment was at-will, and therefore establishes that Plaintiff did not have an employment contract[5].

Plaintiff baldly asserts that "[m]uch of Defendant's[sic] defense is based on the disclaimer in the employment handbook that Plaintiff's employment was at will" (PSJM p. 3). While Defendants agree that the employment handbook further supports the position that Plaintiff's employment was at-will, their most significant defense is that June 17, 2010 letter was not a contract itself. Defendants rely on the employment handbook in response to Plaintiff's unsupported assertions that the handbook provided that his employment was not at-will despite the warnings on the cover page, repeated within the handbook, and reiterated in the handbook acknowledgement form[6]. Plaintiff fails to understand that courts in this district have held that

---

[4] Plaintiff incorrectly cites *Cress v. Rec. Servs. Inc.,* 341 Ill. App. 3d 149 (2d Dist. 2003) for the proposition that he had an employment contract due to "cognizable events over time," namely, salary increases based on certain sales (PSJM p. 3 ¶ 8). *Cress* holds for the opposite proposition: where there is an employment contract, failure to reach certain targets terminates an employment contract. *Cress*, 341 Ill. App. 3d at 171. *Cress* is therefore inapplicable to this matter.

[5] The various court decisions that Plaintiff relies upon and cites to for his contention that an employment contract was established further demonstrate that the June 17, 2010 letter could not be an employment contract and that Plaintiff's employment remained at-will. In*McInerney v. Charter Golf, Inc*., the Illinois Supreme Court held that any employment contract guaranteeing employment for greater than one (1) year must be in writing, and any contract for indefinitely long employment (e.g., greater than one year) is unenforceable under the statute of frauds. 176 Ill. 2d 482, 489, 491 (1997) (statute of frauds exists to protect the contract parties, and "perhaps more importantly-to protect the fact finder from charlatans, perjurers and the problems of proof accompanying oral contracts"); *Johnson v. George J. Ball, Inc.*, 248 Ill. App. 3d 859 (2d Dist. 1993)(finding existence of an oral employment contract because there was a specific duration). Thus, Plaintiff's assertion that his employment was on "permanent, [on a] long-term basis and in perpetuity" further defeats any argument that his employment was anything but at-will or that the June 17, 2010 offer letter was anything other than an offer of employment and not an employment contract.

[6] In passing, Plaintiff apparently raises a new theory that new Salient employees have an initial employment period of three months or 90 days. *See, Plaintiff's Response to Defendants' Statement of*

such handbook provisions support Defendants' position as to the lack of formation of an employee contract. *Wharton*., 2012 WL 6055594, at *2, *3 (disclaimers prevent handbook from becoming an employment contract, even if it is still an agreement).

Plaintiff's cited cases either support Defendants' position or are entirely inapplicable: In *Duldulao*, 115 Ill. 2d 482 (1987), the Illinois Supreme Court held that the employee handbook was an employment contract because it provided that, unless there was a "grave and valid reason," employees are *never* dismissed without prior written warning and three warnings in a 12-month period. *Duldulao* 115 Ill. 2d at 491. However, unlike in *Duldulao,* the Salient Handbook did not contain any provision of "just cause" termination, and even the performance improvement plan advised employees that their employment remained at-will:

> **This [Performance Improvement] Plan, however, does not guarantee continued employment nor does it create any obligation, contractual or otherwise, on the part of Salient to retain an employee. This plan does not change the "at-will" status of employment described above.**

DSMF ¶ 28. Therefore, Plaintiff's reliance on his other cited just-cause termination cases must fail[7].

Likewise, Plaintiff's reliance on *Long v. Tazewell/Pekin Consol. Comm. Ctr*, 215 Ill. Appl. 3d. 134 (3d Dist. 1991) and *Hicks v. Methodist Med. Ctr.*, 229 Ill. App. 3d 610 (3d Dist.

---

*Material Facts*, Doc. 155-1, ¶ 22. The cited section of the Salient Handbook demonstrates that the Initial Employment Period is a probationary period – there is absolutely no guarantee of 90-days of employment. However, assuming *arguendo* that the Handbook guaranteed Plaintiff 90-days of employment and his termination by Salient constituted a breach of contract, he would only be entitled to a maximum of 45 days additional salary, and nothing more.

[7] *See, e.g., Pundt v. Millikin Univ.*, 145 Ill. App. 3d 990, 992 (4th Dist. 1986) (handbook provided that employees "may be discharged for cause only"); *and Seehawer v. Magnecraft Elec. Co.*, 714 F. Supp. 910, 913 (N.D. Ill. 1989) (employees discharged or disciplined only for just cause), cited in *Plaintiff's Mem. of Law* (Doc 153-3) pp. 4-5.

1992) is misguided. Unlike the "hidden" disclaimers in *Long* and *Hicks,* the at-will disclaimer in Salient's employment handbook appeared prominently and set apart on the cover page, was repeated throughout the handbook, was contained within the acknowledgement form (SMF Reply ¶ 28)[8]. Indeed, while the handbook acknowledgment form does not contain the exact phrase "at-will", the plain meaning of the text is clear and unambiguous, and defines what employment-at-will means:

> **I understand that no statement contained in this Employment Handbook creates any guarantee of continued employment or creates any obligation, contractual or otherwise, on the part of Salient Corporation**. I have entered into my employment with Salient Corporation voluntarily, **and I acknowledge that there is no specified length of employment**.

SMF Reply ¶¶ 12, 15, 28.

In his PSJM, Plaintiff asserts without citation to the record that he had he had "real and significant job offers" that he relinquished to accept employment with Defendant (PSJM p. 2 ¶ 5). The record is silent as to any evidence that Plaintiff ever conveyed to Salient or any of the Defendants that he had any purported job offer with another company, or that the Defendants had any knowledge of another purported job offer. Significantly, the record is silent on Plaintiff using any purported "real and favorable job offer" to specially bargain for his employment with Salient Corporation[9]. *See, Milazzo v. O'Connell*, 925 F. Supp. 1331, 1341 (N.D. Ill. 1996) (sacrifice of another job must be expressly made or specially bargained for to be consideration in employment contract); *Smith v. Bd. Of Educ. of Urbana Sch. Dist. No. 116*, 708 F. 2d 258, 263-

[8] Similarly, the 16 and 17 Job Offer Letters (SMF Reply ¶¶ 12, 15), and the June 29, 2010 employment application (See, PRDSMF ¶ 28; Doc. 138 p. 5) provided that Plaintiff's employment was at-will.

[9] Plaintiff chose not to depose outside recruiter Kathryn Duflo, therefore Plaintiff's attempted reliance in his response and cross-motion to her emails is without foundation, and cannot support Plaintiff's objection to summary judgment.

264 (7th Cir. 1983) (merely forgoing opportunity to work elsewhere is not sufficient consideration to create an employment contract); *Shelton*, 143 F. Supp. at 992 (consideration is a "sacrifice" employee would not have made absent employer's promise of continued employment). There is no genuine issue of material fact that Plaintiff had no other real and favorable offers and that he did not use any such offer to negotiate employment with Salient.

Plaintiff concedes that the June 17, 2010 offer letter superseded any prior or subsequent oral representations. DSMF Reply ¶ 15[10].

As the June 17, 2010 offer did not contain any specific and explicit references to other documents, only the information contained within the four corners of the document is relevant, and represents the full extent of the parties agreed to terms and conditions of employment. *Jago*, 245 Ill. App. 3d. at 879 (only if a document clearly references a second document may the second document be incorporated into the first). The June 17, 2010 letter does not reference any other document, and explicitly disclaims any oral representations. SMF Reply ¶¶ 15, 18. This is not an employment contract.

**AS THERE WAS NO EMPLOYMENT CONTRACT TO BREACH, TERMINATION OF AT-WILL EMPLOYEE WAS NOT "WRONGFUL" (COUNT II)**

While Plaintiff believes he was incorrectly terminated for being "AWOL" while on an approved vacation, Defendants terminated Plaintiff for insubordination and failure to perform. SMF Reply ¶¶ 45, 46, 49, 50, 51, 54, 56, 57. As there was no employment contract, Defendants could terminate Plaintiff for any reason or no reason. *Roger v. Yellow Freight Sys. Inc*., 21 F. 3d 146, 149 (7th Cir. 1994) (at-will employment may be terminated for good, bad, or no cause). Therefore, there is no genuine issue of material fact in dispute: Defendants terminated Plaintiff,

[10] Indeed, Plaintiff now apparently has conceded that there was no oral employment contract.

and it was not based on Plaintiff's age. It is immaterial which reason (AWOL or failure to perform/insubordination) the termination was based upon.

Plaintiff baldly misrepresents Amisano's testimony when he asserts without citation to the record that "Amisano testified that the Plaintiff was neither insubordinate or had failed to perform his work." Plf. Mem. Law at 9. Amisano actually testified:

> Q [By Plaintiff]: You mentioned that insubordination also includes a subset for failure to perform; is that correct?
>
> A: I think the question was, is failure to perform a subset of insubordination. Is that correct?
>
> Q: Can you explain that a little bit more in detail? What is subordination -- insubordination and what is failure to perform?
>
> A: Failure to perform was the absence of any indices of planning of creating a business plan which was a singular requirement for the job position to create a new business. In pursuit I did not take that as a terminable issue pending examination of a business plan which would explain and exculpate.
>
> And the business plan was requested and you stated you complied with the request and you would comply with the request on several occasions and you failed to deliver it. You [Plaintiff] deliberately misled our COO.

Amisano Dep. 211:6-24[11].

[11] Without citation, Plaintiff appears to introduce a new theory that his engagement in other work assignments detracted from his ability to focus on the business plan. (Plf. Mem. Law p. 9). There is no basis for this in the record. Plaintiff's cross-motion for summary judgment similarly sanctionably misstates and misrepresents the record. For example, Plaintiff asserted that:

> 10. Defendants admit that Plaintiff reported solely to Defendant Amisano. SMF ¶ 6.
>
> 11. Defendants admit that Plaintiff did not report to Defendant Carpenter. SMF ¶ 7.

(PSJM p. 10 ¶¶ 10-11). Nothing could be further from the evidence in the record. Amisano could designate as supervisor of Plaintiff at any moment in time William Carpenter, who was Salient Corporation's Chief Operating Officer, Amisano's Deputy, and the number two person in the company. SMF ¶ 4 (FAC ¶¶ 4, 20, 22(Ex. A); Carpenter Dep. at 10:21-11:9; Amisano Dep. at 88:9-10, 106:18-19, 152:7-15) (Doc. 153-2). Plaintiff must understand the contradictions he throws as in the same pleading

**THERE WAS NO AGE DISCRIMINATION (COUNT I)**

Plaintiff has always and solely asserted that he was incorrectly terminated only for going AWOL while on approved vacation and for no other reason (SMF ¶¶ 45, 46)[12]. Plaintiff has apparently now realized that this theory has no merit, and has now attempted to raise a new theory in his response & cross motion for summary judgment (Doc. 155). Clearly, Plaintiff thought that his case was based on an employment contract.

Plaintiff now asserts for the first time that Amisano's and Carpenter's conduct related to his termination was indicative of age discrimination, retaliation, and discriminatory animus against the Plaintiff (PSJM p. 4 ¶ 11 (Doc. 155))[13]. However, Plaintiff failed to identify any evidence in the record connecting the alleged age questioning on June 28 and 30, 2010 with his termination 47 days later on August 16, 2010. Plaintiff identified no intermediary actions by any employee or officer of Salient during that entire period, or any conduct at the time of his termination related to Plaintiff's age. SMF Reply ¶¶35, 37, 38, 45, 46. Plaintiff failed to provide any evidence in the record of any younger employee treated more favorably than Plaintiff[14].

---

he asserted that Amisano and Carpenter are "the two most senior ranking executives for Salient Corporation" (PSJM p. 5 ¶ 13, p. 12 ¶ 32), yet contradictorily asserts that "Defendant Amisano did not convey any written authority to Defendant Carpenter granting him supervisory authority over the Plaintiff" (PSJM p. 11 ¶ 26).

[12] Indeed, Plaintiff denies that Defendants terminated him because he was insubordinate and failed to perform,

[13] Plaintiff's memorandum of law addressing age discrimination appears to be copied from another, un-cited source. Plaintiff has provided no way of verifying the veracity and integrity of the assertions of law within.

[14] Without citation to the record, Plaintiff baldly asserts that Jack Bloise was a less qualified individual who was promoted to Plaintiff's previous position (PSJM p. 6 ¶ 15). Plaintiff chose to not depose Jack Bloise or address his age, qualifications, or position in any way during the discovery process, nor did he question any other Salient employee during their depositions about Mr. Bloise's age or qualifications. He similarly did not introduce any evidence as to the qualifications or age of any other Salient Corporation employee. As such, Plaintiff cannot identify any evidence in the record in support of his position that

SMF Reply ¶¶ 41, 42, 43. And perhaps most importantly, Plaintiff failed to provide any evidence admissible at trial that someone who was comparably compensated as he was that was asked to perform a job task and failed to do so was not also terminated. There was no discrimination, harassment, retaliation, or discriminatory animus *because of* Plaintiff's age. 29 U.S.C. § 623(a)(1) (employment discrimination prohibited "because of" age); *Hazen Paper Co. v. Biggins,* 507 U.S. 604, 609 (1993) (age must be but-for cause in decisionmaking process, not just a motivating factor); *Teruggi v CIT Group/Capital Fin. Inc.*, 709 F. 3d 654, 656-657, 660-661 ("*Teruggi*") (isolated comments are not probative of age discrimination unless contemporaneous with adverse employment action);*Fleishman*, 698 F. 3d at 603-604 (same); *Chism v. Kenall Mfg. Co.,* 2008 WL 506115, at *7 (N.D. Ill. Feb. 15. 2008) (in termination matter, employee must show age was the but-for cause). Plaintiff has failed to identify any credible evidence in the record that his termination was associated with his age. As there is no genuine issue of material fact in dispute, summary judgment in favor of Defendants is appropriate.

Plaintiff's new theory of a link between alleged harassment and a tangible employment action (Plf. Mem. Law p. 12; PMSJ p. 6 ¶ 17) has never been previously pled[15]. Plaintiff was clear at his deposition: other than the alleged June 28 and 30, 2010 requests that he divulge his

---

either younger or less qualified employees were treated better than Plaintiff. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-250 (1986).

[15] Plaintiff continues to raise the issue of his personnel file (see, e.g. PSJM ¶¶36, 37), which this Court has dismissed twice: On July 23, 2012, this Court dismissed Count III of Plaintiff's Complaint, which asserted due process violations for Defendants' refusal to provide Plaintiff's personnel file. (Doc. 49). On August 7, 2012, Plaintiff filed his First Amended Complaint that re-alleged the same due process complaint. (Doc. 50). On October 19, 2012, this Court again dismissed Count III of Plaintiff's Complaint. Nonetheless, Plaintiff has sanctionably raised the issue of his personnel file (which was, in fact, produced during discovery) repeatedly in pleadings. This personnel file issue, which occurred post-termination, appears to be Plaintiff's only basis that Cavanaugh allegedly discriminated against him.

age, he was never again subjected to any other acts of discrimination, and he did not feel or experience any unfair treatment during his employment at Salient. SMF ¶¶35, 37, 38, 41, 42, 43 (Doc. 153-2). Plaintiff's contrary assertions (Plf. Mem. Law p. 12; PMSJ p. 6 ¶ 17) are not credible and do not now amount to a genuine issue of material fact. *Gorrence v. Eagle Food Centers, Inc.*, 242 F. 3d 759, 763 (7th Cir. 2001) (non-probative facts do not add up to relevant evidence).

**IN THE ALTERNATIVE, SUMMARY JUDGMENT SHOULD BE GRANTED TO ALL INDIVIDUAL DEFENDANTS ON COUNTS II & IV**

Plaintiff concedes that there was no employment contract with any of the Individual Defendants. *See*, PRDSMF ¶ 29. Plaintiff failed to cite any evidence in the record indicated that any of the individual Defendants, Amisano, Carpenter, or Cavanagh acted

(1) to further his or her own personal goals or to injure Plaintiff, *and*

(2) contrary to the best interest of the corporation.

*See*, Mem. Law. in Support of Sum. J. (Doc. 153-1), pp. 13- 14. Indeed, there is no such evidence, and therefore no genuine issue of material fact is in dispute. Summary judgment to the individual Defendants on Counts II (wrongful termination) and VI (breach of contract) is appropriate. *George A. Fuller Co. v. Chicago College of Osteopathic Medicine*, 719 F. 2d 1326, 1333 (7th Cir. 1983) (corporate officers are privileged to act on behalf of their corporations without fear of personal liability for breach of contract, unless they breached the contract "to further their personal goals or to injure the other party to the contract, *and* acted contrary to the best interest of the corporation."(conjunctive emphasis in original)). Summary judgment in favor of the individual Defendants is therefore appropriate.

## CONCLUSION

As there are no genuine issues of material fact, summary judgment in favor of the Defendants is appropriate.

Plaintiff has failed to raise any genuine issue of material fact that there was an employment contract with any of the Defendants. Likewise, Plaintiff has failed to raise any genuine issue of material fact that his employment was other than at-will. It was not "permanent" or otherwise. His termination for allegedly going "AWOL" was therefore not wrongful, and does not give rise to a cause of action.

Plaintiff has also failed to identify any actionable age-based discrimination. *Coleman v. Donahoe*, 667 F. 3d 835, 863 (7th Cir. 2012) (Wood, J., *concurring*) (to defeat summary judgment, the plaintiff must show that "a rational jury could conclude that the employer took that adverse action on account of her protected class, not for any non-invidious reason"). An unwise employment decision does not automatically rise to the level of pretext. *Teruggi*, 709 F. 3d at 656-657, 660-661; *Biggins*, 507 U.S. at 609 (no age-based disparate treatment where the employer's motivation is something other than employee's age, even where the underlying basis turns out to be factually incorrect). Even if the two asserted incidents occurred, there was no evidence that they were contemporaneous with any adverse employment action. *Teruggi*, 709 F. 3d at 656-657, 660-661; *Fleishman*, 698 F. 3d at 605 (*citing Markel v. Bd. of Regents*, 276 F. 3d 906, 910–11 (7th Cir. 2002) (comments two months before discharge not contemporaneous)).

WHEREFORE, Defendants, SALIENT CORPORATION, GUY AMISANO, SR., WILLIAM CARPENTER, and CHRISTINE CAVANAUGH respectfully request that this Honorable Court:

A. Grant summary judgment in their favor on all counts;

B. In the alternative and without prejudice to the above requested relief, grant summary judgment in favor of the Individual Defendants, Amisano, Carpenter, and Cavanaugh on Counts II and IV of Plaintiff's First Amended Complaint;

C. In the alternative and without prejudice to the above requested relief, grant summary judgment in favor of Individual Defendant, Cavanaugh on Counts II and IV of Plaintiff's First Amended Complaint; and

D. Order such other relief as is just and necessary in the administration of justice.

Respectfully submitted,

/s/ Noah A. Frank
One of the attorneys for Defendants, Salient Corporation d/b/a Salient Management Company, Guy Amisano, Sr., William Carpenter, and Christine Cavanaugh

Storrs W. Downey
Noah A. Frank
BRYCE DOWNEY & LENKOV LLC
200 N. LaSalle St. – Ste. 2700
Chicago, IL 60601
312-377-1501 (t)
312-377-1502 (f)
sdowney@bdlfirm.com
nfrank@bdlfirm.com